```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

PIONEER NATURAL RESOURCES                       CIVIL ACTION
USA, INC.; MARATHON OIL COMPANY;
NIPPON OIL EXPLORATION U.S.A. LIMITED;          No. 05-00224
USA INC.; BP EXPLORATION & PRODUCTION, INC.;
and MARUBENI OIL & GAS (USA), INC.              SECTION "B"(5)

VERSUS

DIAMOND OFFSHORE DRILLING, INC.,
DIAMOND OFFSHORE COMPANY; and
DIAMOND OFFSHORE (TRINIDAD) L.L.C.
```

## ORDER AND REASONS

Before the Court is the Motion for separate trials on liability and damages (Rec. Doc. No. 54), filed on behalf of Defendant Diamond Offshore Drilling, Inc. After review of the pleadings, exhibits, and the applicable law, and for the reasons that follow,

**IT IS ORDERED** that Diamond Offshore Drilling's Motion for separate trials on liability and damages (Rec. Doc. No. 54) is **DENIED** as to the Court's finding that separating the trial will not "be conducive to expedition or economy." Fed. R. Civ. P. 42(b).

## BACKGROUND

Defendant contends a separation of this trial would save the Court and the plaintiffs "substantial time and resources." (Rec. Doc. 54 pg. 2). Defendant's argue that because of the complexity of the liability portion of the case and of the "very legitimate chance that Defendant's could prevail on liability alone" the Court

should separate the trials. (Rec. Doc. 54 pg. 2) Defendant's also point the Court towards an Advisory Committee Note to the 1966 Amendment to Federal Rule of Civil Procedure 42 which outlines situations where separation is appropriate. The Committee Note reads in pertinent part:

> "[i]n certain suits in admiralty separation for trial of the issues of liability and damages (or of the extent of liability other than damages, such as salvage and general average) has been conducive to expedition and economy, especially because of the statutory right to interlocutory appeal in admiralty cases (which is of course preserved by these Rules). While separation of issues for trial is not to be routinely ordered it is important that it be encouraged where experience has demonstrated its worth." Fed. R. Civ. P. 42(b), Advisory Comm. Note 1966 Amendment.

Plaintiffs contend in the contrary that a separation of trials on liability and damage would not expedite the situation but cause delay. Plaintiffs argue this case has been ongoing since Hurricane Ivan in September 2004 and further delay would only increase their cost. (Rec. Doc. 63 pg. 6). Plaintiffs argue "a defense verdict on liability is unlikely under the facts of the case...." (Rec. Doc. 63 pg. 1).

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 42(b):

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues, always preserving inviolate the right of trial by jury as declared by

>the Seventh Amendment to the Constitution or as given by a
>statute of the United States. Fed. R. Civ. P 42(b).

A motion to bifurcate is a matter within the sole discretion of the trial court, and the appellate court will not reverse the trial court's decision absent an abuse of that discretion. *First Texas Sav. Assoc. V. Reliance Ins. Co.*, 950 F.2d 1171, 1174 n.2 (5th Cir. 1992) citing *Gonzalez-Marin v. Equitable Life Assur. Soc.,* 845 F.2d 1140, 1145 (1st Cir. 1988). Further, the Fifth Circuit has held that it is the "long-standing rule that a district court is accorded great deference on review with respect to its severance decisions." *Conkling v. Turner,* 18 F.3d 1285, 1294 (5th Cir. 1994). This reflects the Fifth Circuits "perception that the trial court is in the best position to determine whether bifurcation is appropriate." *Id* at 1294.

Courts are given wide berth in deciding when to separate trials. In doing so a court must determine whether in the interest of the parties and justice a separate trial would expedite the process. *Conkling,* 18 F.3d at 1285. One consideration is the cost and time of the parties involved. Fed. R. Civ. P. 42(b). The other is a determination of the effect on jury decisions. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298 (5th Cir. 1993). Since this is a non-jury trial such an analysis is not necessary.

This Court finds having separate trials on liability and damages would not expedite the process or save cost to the parties.

3

This case contains no circumstances in which it is impossible for either side to prepare trial evidence which shows both liability and damages. Both sides face the same issues surrounding cost and time to prepare for this case. This case focuses on events which occurred in 2004. Separation of the trial on liability does not necessarily expedite the process when it concerns such hotly contested issues. Separation of the trial may have the result of delaying this case even more. Defendants have cited to the Advisory Committee Note to the 1966 Amendment which indicates interlocutory appeals are a statutory right. It does not expedite the process to separate.

Based on the foregoing reasons the court finds it unnecessary to separate the trial as to issues of liability and damages. Defendant's's motion is **DENIED.**

New Orleans, Louisiana, this 20th day of July, 2007.

**IVAN L.R. LEMELLE**
**UNITED STATES DISTRICT JUDGE**