**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **PIONEER NATURAL RESOURCES USA, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-224** |
| **DIAMOND OFFSHORE, INC.** | **SECTION 'T'(3)** |

**ORDER AND REASONS**

Before the Court are the following Motions: Defendants' Motion for Summary Judgment (Rec. Doc. 89); Plaintiffs' Motion for Partial Summary Judgment on the Issue of Causation (Rec. Doc. 101); and Defendants' Motion to Strike the Affidavits of Dr. David Brown and Dr. Courtney Busch (Rec. Doc. 148).  The Motions came for hearing with Oral Argument on October 11, 2007, and the matters were taken under submission.  The Court, having considered the arguments of the parties, the Court record, the law, and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I.    BACKGROUND**

During Hurricane Ivan in September 2004, the offshore semi-subursible drilling rig the *Ocean America* detached from its moorings. Plaintiffs, Pioneer Natural Resources USA, Inc., Marathon Oil Company, Nippon Oil Exploration USA Ltd, Total E & P USA, Inc., BP Exploration & Production, Inc., and Marubeni Oil, (hereinafter "Plaintiffs") filed this suit alleging that when the rig detached, a mooring wire and/or chain attached to the *Ocean America* drug across Plaintiffs' Canyon Express Pipeline System causing damage.

Defendants, Diamond Offshore Company and Diamond Offshore (Trinidad) LLC, (hereinafter "Defendants") owners of the *Ocean America*, filed a Motion for Summary Judgment (Rec. Doc. 89) which was supplemented twice. (Rec. Docs. 137, 169).  In sum, Defendants' Motion

1

claims they are entitled to dismissal because: Plaintiffs have failed to submit competent evidence sufficient to show that the *Ocean America* allided with the pipeline; the Act of God defense exculpates Defendants from any liability; the doctrine of superseding cause applies to exculpate Defendants from any liability; Defendants did not act negligently; and Plaintiffs failed to mitigate their damages.  Plaintiffs filed an Opposition (Rec. Doc. 100) which was supplemented three times. (Rec. Docs. 112, 167, 180).

Plaintiffs' Motion for Summary Judgment requests that the Court enter a finding that the mooring line from the *Ocean America* caused damage to the Plaintiffs' pipeline system.  In sum, Plaintiffs argue that the circumstantial evidence is so strong that the only conclusion which can be reached is that the *Ocean America* caused the pipeline damage.  Defendants filed an Opposition (Rec. Doc. 151) which was supplemented.  (Rec. Doc. 174).

Defendants' argue in their Motion to Strike the Affidavits of Dr. David Brown and Dr. Courtney Busch (Rec. Doc. 148) that the Affidavits of these defense experts are not competent summary judgment evidence because neither expert has personal knowledge.  Further, Defendants argue that the neither Affidavit meets the standard for admissibility under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).  Plaintiffs filed an Opposition to this Motion.  (Rec. Doc. 158).

**II.    LAW AND ANALYSIS**

Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Federal Rule of Civil Procedure 56(a).  In a line of cases dealing with summary judgment in the non-jury context, the U.S. Fifth Circuit Court of Appeals has discussed the inquiry to be performed when summary judgment is sought in a non-jury

case such as this case. In a non-jury request case, the Fifth Circuit has stated that while a certain question is considered one of "fact, to be judged in light of all the circumstances surrounding a given transaction, ... a federal district court may nevertheless grant summary judgment on such an issue, in a non-jury case, if the 'evidentiary facts are not disputed ... [and] trial would not enhance [the court's] ability to draw inferences and conclusions.'" *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir.1978). *Houston North Hosp. Properties v. Telco Leasing, Inc*., 680 F.2d 19, 22 (5th Cir.), reh'g. denied in part, granted in part, 688 F.2d 408 (1982).

However, summary judgment is improper in a non-jury case, even though the basic facts are undisputed, if the ultimate facts in question are to be inferred from them, and the parties disagree regarding the permissible inferences that can be drawn from the basic facts. *Winters v. Highlands*, 569 F.2d 297, 299 (5th Cir.1978). The choice between permissible inferences is for the trier of facts. *Nunez,* 572 F.2d at 1119, 1124. Where a jury is called for, the litigants are entitled to have the jury choose between conflicting inferences from basic facts but, where the judge is the trier of fact, he may be in a position to draw inferences without resort to the expense of trial, unless there is an issue of witness credibility. *Nunez,* 572 F. 2d at 1124-25. "If a decision is to be reached by the court, and there are no issues of witness credibility, the court may conclude on the basis of the affidavits, depositions, and stipulations before it, that there are no genuine issues of material fact, even though decision may depend on inferences to be drawn from what has been incontrovertibly proved." *Nunez*, 572 F.2d at 1124.

No jury has been requested in this case. A federal district court may grant summary judgment in a non-jury case if the evidentiary facts are not disputed; trial would not enhance the Court's ability to draw inferences and conclusions; and there are no issues of witness credibility.

After reviewing the voluminous memoranda filed by all parities and hearing the arguments of the parties as to both Motions for Summary Judgment at Oral Argument, the Court **DENIES** the Motions. The evidentiary facts are heavily disputed. There are a number of conflicting inferences that can be drawn from the basic undisputed facts and the parties disagree on the permissible inferences that can be drawn based upon the basic undisputed facts. Further, there are issues of witness credibility which must be resolved by the trier of fact at trial and a trial on the merits would enhance the Court's ability to draw inferences and make conclusions.

In light of the Court denying the Motions for Summary Judgment, Defendants' Motion to Strike the Affidavits of Dr. David Brown and Dr. Courtney Busch is **DENIED** as **MOOT.**

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Rec. Doc. 89) and Plaintiffs' Motion for Partial Summary Judgment (Rec. Doc. 101) are **DENIED.**

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Rec. Doc. 148) is **DENIED AS MOOT**.

New Orleans, Louisiana this 7th day of November, 2007.

_____
**UNITED STATES DISTRICT JUDGE
G. THOMAS PORTEOUS, JR.**