# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PIONEER NATURAL RESOURCES USA, INC., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-0224** |
| **DIAMOND OFFSHORE COMPANY, ET AL** | **SECTION MAG (3)** |
| | **28 U.S.C. § 636( c)** |

*MEMORANDUM RULING*
RE Motion to Amend Judgment [Doc. #376]

After a bench trial, this Court entered a findings of fact and conclusions of law in favor of the defendants. [Doc. # 374]. On June 10, 2009, the Court entered judgment [Doc. # 375], which provided: "each party to bear their own costs." Defendants contend that under Fed. R. Civ. P. 54(d), they are entitled to costs as a matter of course. Rule 54(d) provides that "[e]xcept when express provision therefor is made in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs...." Although the judgment of this Court did originally "otherwise direct," after a review of the Fifth Circuit's recent jurisprudence on the subject, the Court agrees that the defendants are entitled to an award of costs.

Rule 54 creates "a strong presumption that the prevailing party will be awarded costs."[1]

---

[1] *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir.1985) (holding that when a district court declines to award costs to a prevailing party, it should state its reasons for doing so); *Perry v. Port of Houston Authority,* 31 Fed. Appx. 153 (5th Cir. 2001) (remanding the issue of costs to the district court for reconsideration for failing to award costs to the prevailing party and not stating its reasons for doing so); *Abate v. Kansas City Southern Ry. Co.,* 1991 WL 195518 at n.3 (E. D. La. 1991) (Schwartz, J.) (quoting *Folloder, supra* and denying plaintiff's motion to prorate costs).

Federal Rule of Civil Procedure 54(d)(1) provides, in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees- *should be allowed to the prevailing party.*"[2] Indeed, "[t]he rule has developed such that the prevailing party is *prima facie* entitled to costs and the losing party bears the burden of overcoming the presumption."[3] In *Pacheco v. Mineta,* 448 F.3d 783 (5th Cir. 2006), the Fifth Circuit parsed controlling Supreme Court jurisprudence and made the following noteworthy observations:

> As a result of this cost-shifting presumption, the general discretion conferred by Rule 54(d)(1) has been circumscribed by the judicially-created condition that a court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Schwarz*, 767 F.2d at 131 (citation omitted); *cf. Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 1151 n. 14, 67 L.Ed.2d 287 (1981) (assuming that costs are denied to the prevailing party "**only when there would be an element of injustice in a cost award**").[4]

Applying these principles to the subject motion and considering the non-exclusive factors set forth in *Pacheco, supra*, the Court finds that the defendants are entitled to recover costs in this matter as the prevailing parties. Specifically addressing the issue of plaintiffs' "good faith," the Fifth Circuit explained that "[a]ll federal litigants ... have an obligation to bring suit in good faith."[5] Plaintiffs have identified no impropriety on the part of the prevailing parties, much less misconduct worthy of punishment or any injustice in a cost award considering the premises.

---

[2]Fed. R. Civ. P. 54(d)(1) (emphasis added).

[3]*Schneider v. Geo. A. Hormel & Co.,* 1996 WL 46667 (E. D. La. 1996) (Fallon, J.).

[4]*Pacheco v. Mineta,* 448 F.3d 783, 794 (5th Cir. 2006) (bolding emphasis added).

[5]*Id.* at 795 (*citing* Fed. R. Civ. P. 11).

Accordingly and for all of the above and foregoing reasons,

**IT IS ORDERED** that the Defendants' Motion to Amend Judgment (Doc. # 376) is GRANTED and that the judgment be amended to reflect that all costs pursuant to 28 U.S.C. § 1920 are to be taxed against plaintiffs and to be paid to defendants.

New Orleans, Louisiana, this <u>6th</u> day of August, 2009.

                                                  **DANIEL E. KNOWLES, III**
                                                  **UNITED STATES MAGISTRATE JUDGE**