UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PIONEER NATURAL RESOURCES<br>USA, INC., ET AL. | CIVIL ACTION |
| VERSUS | NO. 05-0224 |
| DIAMOND OFFSHORE DRILLING,<br>INC., ET AL. | SECTION "B" (3) |

## ORDER

Before the Court is Plaintiffs' Motion for Review [Doc. #402] filed by Pioneer Natural Resources USA, Inc., Marathon Oil Company, Nippon Oil Exploration U.S.A. Limited, BP Exploration & Production, Inc., Marubeni Oil & Gas (USA) Inc., and Total E&P USA Inc. (collectively, "plaintiffs"). Also before the Court is the Motion to Review Clerk's Refusal to Tax Video Technician Costs [Doc. #407] filed by Diamond Offshore Company and various related entities (collectively, "defendants"). Both motions are opposed. For the following reasons, the Court GRANTS both Plaintiffs' Motion for Review [Doc. #402] and defendants' Motion to Review Clerk's Refusal to Tax Video Technician Costs [Doc. #407].

I.  **Procedural Background**

Plaintiffs sued defendants for allegedly damaging their underwater pipelines. This Court tried the case from January 6-14, 2009. On July 10, 2009, this Court rendered judgment in defendants' favor. [Doc. #375]. The original judgment did not award costs. Defendants moved the

Court to amend or correct the judgment to reflect an award of costs. [Doc. #376]. On August 6, 2009, this Court issued an amended judgment that awarded costs to defendants. [Doc. #385].

Defendants filed a Bill of Costs with the Clerk of Court on September 4, 2009. [Doc. #395]. Plaintiffs opposed defendants' Bill of Costs in part, arguing that defendants were not entitled to recover costs for (1) a video technician, video equipment and video presentation at trial; (2) pre-trial transcripts; and (3) expedited trial transcripts, or daily copy.

The Bill of Costs came on for hearing before the Clerk of Court on September 30, 2009. The Clerk of Court did not tax costs for a video technician, video equipment and video presentation at trial but awarded costs for the pre-trial and expedited transcripts. Accordingly, the Clerk of Court reduced defendants' Bill of Costs from $176,698.66 to $86,059.07. Both parties appeal the Clerk of Court's award to this Court.

**II.     Law and Analysis**

Costs other than attorneys' fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d). Section 1920 provides that a prevailing party may recover the following costs:

(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;
(4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5)   Docket fees under section 1923 of this title;
(6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6). A court may award only those costs specified in section 1920 unless there is explicit statutory or contractual authority to the contrary. *Mota v. Univ. of Texas Houston Health Science Ctr.*, 261 F.3d 512, 529 (5th Cir.2001).

A party seeking costs bears the burden of supporting its request with evidence documenting the costs incurred and proof, when applicable, that a certain item was "necessarily obtained for use in the case." *Fogleman v. ARAMCO*, 920 F.2d 278, 285-86 (5th Cir.1991). Indeed, before the Court can tax costs, it must find that the costs were necessarily incurred in the litigation, and this finding must be based on some proof of the necessity. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir.1994). "When cost-seekers neglect to supply any verification that the costs claimed were 'necessarily incurred in the case' and instead state only that the costs were expended 'in the preparation and litigation of this case,' the district court does not abuse its discretion by denying all costs except filing fees." *Sanders v. Wash. Mut. Home Loans, Inc.*, Civ. A. No. 05-2166, 2009 WL 365683, at *11 (E.D. La. Feb. 10, 2009) (citing *Phetosomphone v. Allison Reed Group, Inc.*, 984 F.2d 4, 9 (1st Cir. 1993)). Following this statutory and case-law framework, this Court will address each challenged cost seriatim.

### A. Transcripts

Plaintiffs ask the Court to reduce defendants' award of costs in the amount of $4,301.55, which represents the amount that the Clerk of Court awarded for pre-trial transcripts and expedited trial transcripts.

#### 1. Pre-Trial Transcripts

Plaintiffs argue that defendants cannot recover costs for the stenographic transcriptions of

pre-trial hearings. Plaintiffs assert that defendants have failed to demonstrate the necessity of these costs, given that only argument of counsel was transcribed at the pre-trial hearings, and such argument could not have been used as evidence or to impeach any witness at trial.

Defendants argue that the transcripts of the pre-trial hearings were necessary because they needed a record of plaintiffs' statements and admissions given plaintiffs' shifting legal theories. Defendants submit the affidavit of counsel for defendants, Lee Larkin, who avers that the pre-trial hearing transcripts were necessarily obtained for trial of this case given plaintiffs' shifting theories. Defendants detail three instances of plaintiffs' shifting theories, *i.e.*, plaintiffs asserted one theory pre-trial and one theory at trial. Defendants assert that the transcripts of the pre-trial hearings were thus necessary to keep track of plaintiffs' admissions and shifting legal theories.

The Court finds that plaintiffs' argument with regard to the transcripts of the pre-trial hearings is well-taken. Whether or not plaintiffs changed their legal theories throughout the case is irrelevant as to the ultimate trial of the case. Legal theories are not evidence presented at trial and neither prove nor disprove a claim. In other words, whether plaintiffs changed their legal theories throughout the proceedings neither supported nor defeated their cause of action against defendants, so any pre-trial hearing transcript was unnecessary to the trial. In short, the costs for the pre-trial hearing transcripts – responding only to defendants' argument that they were necessary to track plaintiffs' admissions – were not "necessarily obtained for use in the case." Moreover, the Court finds that defendants have wholly failed to meet their burden here in demonstrating why each pre-trial hearing transcript was necessary or even which ones were necessary. Accordingly, the Court will reduce the ultimate award by the amount taxed for pre-trial hearing transcripts.

### 2. Expedited Transcripts

Plaintiffs argue that defendants cannot recover the costs for expedited transcripts from the January 2009 trial. Plaintiffs note that defendants spent $8,482.35 on the expedited transcripts when it was necessary only to spend $4,790.55. Plaintiffs point out that in this circuit, "the extra costs of obtaining a trial transcript on an expedited basis is not taxable unless prior court approval of expedition has been obtained or the special character of the litigation necessitates expedited receipt of the transcript." *Fogelman*, 920 F.2d at 286. According to plaintiffs, defendants failed to obtain prior court approval and to demonstrate necessity.

Defendants assert that obtaining daily copies of trial transcripts was necessary. Citing *Lemelson v. Mattel, Inc.*, No. 77 C 4558, 1993 WL 34823, at *1 (N.D. Ill. Feb. 11, 1993), defendants argue that plaintiffs' pre-trial agreement to split the cost of daily copy was an admission that daily copy was necessary. The *Lemelson* court held that "[b]y agreeing to split the costs of the transcripts, Lemelson acknowledged the reasonableness of having them prepared on a daily basis." *Id.* Citing *Vornado Air Circulation System, Inc. v. Duracraft Corp.*, No 92-1543-WEB, 1995 WL 794070, at *2 (D. Kan. Nov. 29, 1995), defendants also argue that the cost of daily copy is recoverable if the suit is particularly complex. Defendants note that much of the testimony here was expert testimony that focused on technical issues. Additionally, defendants point out that each party introduced hundreds of exhibits, some by agreement and some not. Moreover, defendants note that counsel for plaintiffs insisted on closing argument (even though plaintiffs abandoned this insistence on the first day of trial). Daily copies were therefore necessary, according to defendants, to prepare for potential closing arguments.

The Court will not permit recovery of costs for daily copy. While defendants cite good case law from outside this circuit to support their argument, the case law in this circuit is not so lenient, especially with regard to expedited transcripts. Courts in this circuit have held that, absent a particularized showing of necessity on a transcript-by-transcript basis, a court should not award costs for daily copy on an expedited basis. *Auto Wax Co., Inc. v. Mark V Prods., Inc.*, No. Civ. A 3:99-CV-0982, 2002 WL 265091, at *4 (N.D. Tex. Feb. 22, 2002) (citing *Datapoint Corp. v. Picturel Corp.*, No. 3:93-CV-2381, 1998 WL 401630, at *3 (N.D. Tex. July 9, 1998)). Defendants have not met that burden here. The Court will therefore reduce the award of costs by those taxed for expedited transcripts.

### 3. The Video Technician, Video Equipment and Video Presentation at Trial

Defendants argue that the law of this circuit allows for the recovery of costs of video technology used at trial. *See J.T. Gibbons, Inc. v. Crawford Fitting Co.*, 760 F.2d 613, 615 (5th Cir. 1985) (allowing recovery of costs for audiovisual equipment and its operation at trial when court requested it), *aff'd*, 790 F.2d 1193 (5th Cir. 1986) (en banc), *aff'd sub nom. Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987).[1] Defendants argue that Section 1920 allows for the recovery of costs associated with "exemplification" of evidence. Defendants note that this Court authorized the use of video presentations at trial and that lower courts in this circuit have followed *J.T. Gibbons* in awarding such costs when courts have so authorized. *Finisar Corp. v. The DIRECTV Group, Inc.*, Civ. A. No. 1:05-cv-264, 2006 WL 2699732, at *2 (E.D. Tex. Aug. 4, 2006)

---

[1] Neither the en banc Fifth Circuit nor the Supreme Court explicitly addressed the panel's discussion of the costs relevant to these motions.

(finding costs of audio/video trial support recoverable when court ordered parties to efficiently present case and both parties used it to present nearly every aspect of case).

Plaintiffs argue that defendants may not recover costs not enumerated in 28 U.S.C. §1920, Federal Rule of Civil Procedure 54 or a contract. On the statutory point, plaintiffs first note that Section 1920 does not include reimbursement for video technicians, their equipment or video presentations. Citing *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993), plaintiffs argue that the Fifth Circuit has expressly excluded these costs. *See also Chevron v. Aker Maritime, Inc.*, Civ. A. No. 03-2027, 2008 WL 59460, at *16 (E.D. La. Jan. 2, 2008) (Wilkinson, M.J.) (finding that creating Powerpoint presentations and the assistance of electronics technicians at trial do not constitute "exemplification and copies of papers necessarily obtained for use in the case"); *Kadlec Medical Ctr. v. Lakeview Anesthesia Assocs.*, Civ. A. No. 04-997 (E.D. La. Jan. 21, 2009) [Doc. #445], at p.9 (finding costs associated with showing video depositions at trial not recoverable).

Plaintiffs rely heavily on *Kadlec*.[2] Plaintiffs point out that, in that case, the defendants tried to recover the cost for audio-visual presentations because critical witnesses on the West Coast were outside the Court's subpoena power. The *Kadlec* jury saw ten different video depositions, and the Court even ordered the video technician to remain at trial in the event the jury needed his assistance to replay a deposition. Notwithstanding these facts, the *Kadlec* court denied the recovery of these costs as it found itself bound by the Fifth Circuit's strict and literal interpretation of Section 1920.

Defendants correctly challenge plaintiffs' reliance on *Coats* by noting that the *Coats* court addressed only whether costs to take a video deposition were recoverable. *Coats*, 5 F.3d at 891

---

[2] Counsel for plaintiffs here was also counsel in *Kadlec*.

7

(disallowing recovery of $1,175.00 "in video technician fees incurred for video depositions."). Defendants also distinguish *Kadlec* by noting that the *Kadlec* court addressed only the costs associated with presenting video *depositions* at trial. *Kadlec*, Civ. A. No. 04-997 (E.D. La. Jan. 21, 2009) [Doc. #445], at p.9. Defendants assert that Judge Africk did not address a situation like this, "where a critical component of the plaintiffs' case was an 18-hour video that needed to be edited and focused on the relevant parts for the Court's determination of disputed facts." Defs.' Mot. Review Clerk's Refusal to Tax Video Technician Costs [Doc. #407] at p.7. Defendants maintain that neither case cited by plaintiffs establishes a blanket prohibition on the disallowance of these costs.

The Court acknowledges that courts have been inconsistent when addressing the issue of taxing costs for a video technician, video equipment or a video presentation at trial. However, the Court finds that the cases cited by defendants are more on point than those cited by plaintiffs. Indeed, defendants correctly distinguish two of plaintiffs' cases. Both *Coats* and *Kadlec* addressed the recovery of costs in the context of videotaping depositions or presenting videotaped depositions at trial. That is a far cry from the heavy reliance that both parties here placed on the video presentation at trial. Apart from *Chevron U.S.A. Inc.*, the case law cited by plaintiffs is distinguishable because the opinions that they cite address only the costs for the videotaping of depositions or presenting videotaped depositions at trial.

*Chevron U.S.A. Inc.* specifically disallowed costs for Powerpoint presentations and the assistance of electronics technicians at trial, finding that they did not constitute "exemplification and copies of papers necessarily obtained for use in the case." Civ. A. No. 03-2027, 2008 WL 59460, at *16 (E.D. La. Jan. 2, 2008). Problematically, however, the case law on which *Chevron U.S.A.*

*Inc.* relied to support its holding addressed only those costs for the videotaping of depositions or presenting videotaped depositions at trial. As noted above, the Court finds such case law distinguishable.

In *J.T. Gibbons*, the Fifth Circuit held that the district court did not abuse its discretion in awarding costs for audiovisual equipment since (1) both parties used it at trial and (2) the court requested its use, finding it necessary and reasonable in conducting such a complex and lengthy trial. 760 F.2d at 615. The Court finds that *J.T. Gibbons* is more on point than those cases cited by plaintiffs.

Here, the Court authorized the use of video trial support in the Pre-Trial Order, and both parties used it. Under *J.T. Gibbons* and *Finisar*, the Court awards costs for the use of the video trial support, finding that such support was crucial to the efficient and orderly presentation of the evidence. Indeed, and as the Court noted at oral argument, had the parties not offered to use the video support at trial, the Court would have ordered it. Given the complexity and difficulty of the case, the Court does not see how the proceeding could have been conducted as efficiently in any other manner. In this case, the use of video trial support constitutes "exemplification" under Section 1920(4). The Court finds that there is a significant difference between presenting nearly an entire trial through video and presenting videotaped depositions at a trial. Accordingly, the Court will award costs associated with the video trial support.

**III. Conclusion**

For the foregoing reasons, the Court GRANTS both Plaintiffs' Motion for Review [Doc. #402] and defendants' Motion to Review Clerk's Refusal to Tax Video Technician Costs [Doc.

#407]. The Court awards defendants its costs in the amount of **$172,397.11 ($176,698.66 - $4,301.55)**.

_____
**DANIEL E. KNOWLES, III
UNITED STATES MAGISTRATE JUDGE**